CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 1 4 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| ANTHONY JOSEPH TURNER, | ) | |
| Plaintiff, | ) | Civil Action No. 7:05-cv-00692 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DR. BENCH, et al., | ) | By: Hon. James C. Turk |
| Defendant(s). | ) | Senior United States District Judge |

Plaintiff Anthony Joseph Turner, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Turner alleges that officials at Marion Correctional Treatment Center ("Marion") are treating him against his will with drugs that hurt his stomach and that they failed "to ascertain no court order exists." Turner seeks to proceed in forma pauperis, asking that he be allowed to pay the filing fee in monthly installments of $10.00.[1] Upon review of the record, the court concludes that this action must be dismissed without prejudice because Turner does not qualify to proceed in forma pauperis and has not prepaid the $250.00 filing fee.

This court has previously held that Turner has three "strikes" under 28 U.S.C. § 1915(g), and as such, he cannot proceed in forma pauperis in a civil action unless he demonstrates that he is in imminent danger of serious physical harm related to his claims in the lawsuit.[2] In this action, Turner

---

[1] For prisoners bringing civil rights actions against prison officials, in forma pauperis status means proceeding without prepayment of the filing fee. See § 1915(b)(1) (requiring that inmates pay full filing fee).

[2] See Turner v. Carbone, Civil Action No. 7:03-cv-00757 (W.D. Va. 2003)(dismissed under §1915A); Turner v. Saatoff, Civil Action No. 7:99cv00720 (W.D. Va. October 28, 1999)(dismissed under §1915(e)(2)); Turner v. Poe, Civil Action 7:97cv00765 (W.D. Va. December 15, 1997)(dismissed under §1915(e)(2)).

seeks to proceed in forma pauperis, alleging that he is imminent danger of suffering serious physical harm from involuntarily administered drugs that hurt his stomach every day. The court conditionally filed the action and directed the defendants to respond on the issue of imminent danger. Defendants filed a response to which Turner has responded, making the matter ripe for disposition.

Defendants offer the affidavit of E. Davidson, Director of Nursing at Marion. Davidson attaches copies of court orders from August 2005, authorizing prison officials to commit Turner to Marion for involuntary medical and/or mental health treatment, including forced administration of psychotropic medication. Davidson also describes the course of medical attention and treatment Turner has received at Marion. On September 12, 2005, the doctor prescribed for Turner an anti-psychotic medication known as Ablify. On October 24, 2005, Dr. Bench noted that Turner had complained of stomach upset. Indicating that stomach upset could be a side effect of a higher dose of Ablify, Dr. Bench adjusted the administration of the medication and instructed that Turner could receive Maalox as needed for stomach upset. The records do not show that Turner took any Maalox between October 24, 2005 and the date of defendants' response. Davidson also notes that Turner expressed concern over taking Ablify, claiming that this medication is rat poison, an experimental drug. The doctor discussed his medication with him, explained the adjustments in its administration, and told Turner to take Maalox if his stomach became upset. Turner has 24-hour access to the medical department, should he have any further complaints of stomach pain or upset.

Upon review of the record, the court concludes that Turner cannot demonstrate imminent danger of serious physical harm as he alleged in the complaint. Turner does not dispute defendants' evidence that the forced administration of mental health medication is authorized by court order. He also does not dispute their evidence that he is under the supervision of medical professionals,

2

who continually monitor his condition and adjust his medications according to their professional assessment of his medical and mental health needs. Finally, Turner does not deny that he may request Maalox if he has further trouble with stomach pain for whatever reason. Based on this evidence, the court cannot find that Turner is any imminent danger of serious physical harm as required for in forma pauperis status under § 1915(g). Therefore, the court will deny Turner's application to proceed in forma pauperis. As Turner has not prepaid the filing fee, the court will dismiss the entire action without prejudice.[3]   An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This _14th_ day of December, 2005.

_James C. Turk_
Senior United States District Judge

---

[3]Furthermore, it is now clear from the record that Turner's complaint itself states no constitutional claim. See Estelle v. Gamble, 429 U.S. 97 (1976) (to show Eighth Amendment claim regarding course of medical treatment, inmate must show officials were deliberately indifferent to his serious medical needs). As such, even if Turner were to prepay the filing fee, the court could summarily dismiss the complaint, pursuant to 28 U.S.C. § 1915A(b)(1).

3